UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES O'CAIN,

           Petitioner,

  v.

JEFFREY A. UTTECHT,

           Respondent.

Case No. C16-1797 TSZ-BAT

**REPORT AND RECOMMENDATION**

Petitioner Charles O'Cain filed a federal habeas petition under 28 U.S.C. § 2254. Dkt. 1. On December 12, 2016, the Court declined to serve the petition because this is Mr. O'Cain's second habeas petition in this Court regarding the same conviction and the petition is time barred. The petition is also defective as Mr. O'Cain failed to provide any factual basis for his grounds for relief and he failed to name the correct respondent. Dkt. 6. However, the Court provided Mr. O'Cain with an opportunity to file by no later than January 13, 2017, an amended petition setting the factual basis for his grounds for relief, showing that his grounds for federal relief have not previously been adjudicated, that his petition is timely, and otherwise showing cause why this matter should not be dismissed or transferred to the Ninth Circuit. *Id.* Mr. O'Cain has failed to respond in any fashion to the Court's order.

## DISCUSSION

The Court's records indicate that this is Mr. O'Cain's second federal habeas petition challenging his 2005 conviction in Case No. 04-1-50750-3-KNT. In Case No. C15-118-RAJ-

REPORT AND RECOMMENDATION - 1

1  JPD, the Court denied Mr. O'Cain's federal habeas petition with prejudice because the action

2  was time barred and Mr. O'Cain failed to establish equitable tolling or actual innocence. Dkt. 10

3  (Report and Recommendation); Dkt. 12 (Order Adopting); and Dkt. 13 (Judgment).

4  "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a

5  stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,'

6  28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus

7  application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152

8  (2007). The statute provides:

9  (3)(A) Before a second or successive application permitted by this section is filed
   in the district court, the applicant shall move in the appropriate court of appeals
10  for an order authorizing the district court to consider the application.

11  28 U.S.C. § 2244(b)(3)(A).

12  This provision creates a "gatekeeping" mechanism for the consideration of second or

13  successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant

14  must file in the court of appeals a motion for leave to file a second or successive habeas

15  application in the district court." *Id*. The petitioner must make a prima facie showing that the

16  application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not

17  satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the

18  District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

19  The Court denied Mr. O'Cain's prior petition with prejudice, triggering the provisions of

20  28 U.S.C. § 2244(b) for a subsequently filed petition. Mr. O'Cain has failed to show that his

21  present petition is not subject to § 2244(b). Accordingly, this Court should transfer the petition

22  to the Ninth Circuit for consideration as an application for leave to file a successive petition. *See*

23  Ninth Circuit Rule 22-3(a).

**CONCLUSION**

The Court recommends that this petition be transferred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed.

Any objections to this Recommendation must be filed and served upon all parties no later than **Wednesday, February 15, 2017.** The Clerk should note the matter for **Friday, February 17, 2017**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of January, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge